ELDER *v.* FISHER, ETC.

[No. 30,990. Filed June 22, 1966. Rehearing dènied October 3, 1966.]

*James E. Rocap, Jr., Karl J. Stipher, Daniel E. Johnson, Rocap, Rocap, Reese & Robb*, and *Baker & Daniels*, all of Indianapolis, for appellant.

*H. William Irwin, Samuel A. Fuller* and *Murray, Stewart, Irwin & Gilliom*, of counsel, of Indianapolis, for appellee.

RAKESTRAW, C. J.—This case comes to us on petition to transfer from the Appellate Court under the Acts of 1933, ch. 151, § 1, p. 800, being Burns' Ind. Stat. Anno. § 4-215 (1946 Repl.). See *Elder* v. *Fisher* (1965), 205 N. E. 2d 335 for the opinion of the Appellate Court.

This is an action for personal injuries. The plaintiff is suing on behalf of his ward, a minor child, who was rendered a paraplegic from the waist down in an automobile accident. In general, the facts alleged are that the defendant, a retail

druggist, sold liquor to one Robert R. Hellwig, a boy 17 years of age. The plaintiff alleges that the boy then drank the liquor, became drunk, drove an automobile, and as a result was involved in the accident in which the plaintiff's ward was injured.

The defendant filed partial demurrers and a general demurrer to the plaintiff's complaint. The trial court sustained the general demurrer to both paragraphs of the plaintiff's complaint, and the plaintiff declined to plead over. The plaintiff appeals from the sustaining of the demurrer to his complaint.

The second paragraph of the plaintiff's complaint is based upon § 20, ch. 13, of the Acts of the Indiana General Assembly of 1875 (Spec. Sess.). This section in brief provides for civil liability on the part of any person illegally selling intoxicating liquor for any injury or damage on account of the use of such liquor. The appellant maintains "with considerable trepidation" that this act may still be effective as to the civil liability provision. Some doubt is expressed in the annotation in the 1956 edition of Vol. 4, Part 2, § 12-610 of Burns' Ind. Stat. Anno.

As to this paragraph of complaint, we are of the opinion that the appellant's "considerable trepidation" is justified. Section 30, ch. 119 of the Acts of 1911; § 40, ch. 4 of the Acts of 1917, and § 46, ch. 48 of the Acts of 1925 all state "All laws or parts of laws in conflict herewith are hereby repealed." All of the acts involved above dealt with the regulation of the sale and use of alcoholic beverages, and purported to cover the entire field of such regulation. Therefore, in our opinion, § 20, ch. 13 of the Acts of 1875 (Spec. Sess.), *supra*, has been repealed.

However, it is on Paragraph I of his complaint that the plaintiff primarily relies in this action. Paragraph I attempts to state a common law action of negligence. Among the allegations of negligence in the complaint were the following:

"(a)  That the defendant by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to one Robert R. Hellwig, who was then and there under the age of twenty-one (21) years, to-wit: seventeen (17) years of age, when he knew or in the exercise of ordinary care should have known that said Robert R. Hellwig was under the age of twenty-one (21) years.

(b)  That the defendant, by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to Robert R. Hellwig, a minor, under the age of twenty-one (21) years, without making inquiry as to the age of said Robert R. Hellwig when he knew or in the exercise of ordinary care could have determined the age of said Robert R. Hellwig.

(c)  That said defendant, by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to Robert R. Hellwig, a minor under the age of twenty-one (21) years in violation of Chapter 226, Sec. 31 of the Indiana General Assembly for year 1935, as amended.

(d)  That said defendant, by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to Robert R. Hellwig, a minor, under the age of twenty-one (21) years in violation of Chapter 13, Section 13 (Special Session) of the Articles of the Indiana General Assembly for the year 1875, as amended.

(e)  That said defendant, by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to said Robert R. Hellwig, when he knew or in the exercise of ordinary care should have known that said Robert R. Hellwig was under the age of twenty-one (21) years and that because of his tender years, the consumption of said alcoholic beverage would induce intoxication and conduct constituting an unreasonable risk.

(f)  That said defendant, by and through his employee, who is unknown to the plaintiff, did sell an alcoholic beverage to said Robert R. Hellwig, when he knew or in the exercise of ordinary care should have known that said Robert R. Hellwig had at his disposal an automobile which he intended to operate and that the consumption of said alcoholic beverage by said minor would induce intoxication and thereby render his operation of said vehicle dangerous to the plaintiff herein.

(g)  That said defendant, by and through his employee, who is unknown to the plaintiff, did place in the possession of said Robert R. Hellwig, a minor, a dangerous article or instrumentality, towit: alcoholic beverage."

Throughout the appeal of this cause, the argument has been largely confined to two main issues. These are:

(1) Whether the violation of ch. 226, § 31, of the Acts of 1935, as amended, which forbids the sale of alcoholic beverage to a person under 21 years of age, would constitute negligence *per se* or as a matter of law, and

(2) Whether with or without the above statute there can be a common law cause of action for negligence based upon the sale of intoxicating liquor.

It is urged by the appellee that the violation of a criminal statute is negligence *per se* only if the statute was enacted for the public safety. The appellee cites *Northern Ind. Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905. In that case the following statement is made:

> "The general rule is that a violation of a statute enacted for reasons of safety is negligence *per se,* or negligence as a matter of law. . . ."

The appellee then argues that the purpose of the statute in question was to protect minors from the exposure to the evils of strong drink and not for the public safety, and that therefore the violation of the statute is not negligence *per se* or negligence as a matter of law.

It is of course true that if the obvious intention of a statute is to provide for the safety of the public, the violation of that statute is negligence *per se*. However, it does not follow that simply because a statute cannot be labeled a "safety statute," it does not create a duty, the violation of which would be negligence. The function of a prohibitory statute in negligence cases is the establishment of a duty, the violation of which constitutes the negligence. Hence we have the general requirement that the statute must not have been enacted for a wholly different purpose than to prevent the injury complained of, and that the statute must be designed to protect the class of people to whom a plaintiff belongs. See *Indiana, etc., Coal Co.* v. *Neal* (1906), 166 Ind.

458, 462, 77 N. E. 850. The test set forth in that case is as follows:

"[W]hen it is determined that a statute or ordinance was enacted or ordained for a wholly different purpose than to prevent the injury complained of, or that the plaintiff does not belong to the class that the law was designed to protect, it follows that it will not avail to supply the element of a duty owing." [Cases cited.]

The primary difficulty is in determining what a statute was designed for and whom it was designed to protect. This can be determined only from an over-all examination of the particular statute involved.

Section 1 of the Act involved provides in part as follows:

"This act shall be deemed an exercise of the police power of the state, for the protection of the economic welfare, health, peace and morals of the people of the state, . . ." [Burns' § 12-301 (1956 Repl.).]

The same section of the statute forbids the sale of intoxicating liquor to habitual drunkards and persons in houses of ill fame.

It appears that the statute was designed to protect the people of the state. The plaintiff's ward would certainly be of that class.

The statute also seems to be designed to protect against more than the immediate and obvious effects of intoxicating liquor. It refers to economic welfare, health, peace and morals. When it is taken into consideration that the sale of intoxicating liquor to habitual drunkards is also prohibited by the statute, it seems probable that the legislature intended to protect against the possible harm resulting from the use of intoxicating liquor by those to whom it was not to be sold.

Hence, the statute was sufficiently broad in scope to cover the type of person represented by the plaintiff's ward in this action, and to cover the particular type of injury involved in this action. We are therefore of the opinion that an allegation of the violation of this statute is an allegation of negligence.

Finally, it has been urged that there is no common law liability against the vendor of alcoholic beverages for damages occasioned by the intoxication of his vendee. This issue has been a matter of considerable confusion over the past century. The general rules have been stated as follows:

> "At common law it is not a tort to either sell or give intoxicating liquor to ordinary able-bodied men, and it has been frequently held that, in the absence of statute, there can be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished. The reason usually given for this rule is that the drinking of the liquor is the proximate cause of the injury, not the furnishing of it. . . ." 30 Am. Jur., Intoxicating Liquors, § 520, p. 821.

However, as pointed out later in the same paragraph:

> "[T]he common-law rule is generally qualified to the extent of giving a right of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished, where the liquor was given or sold to a person who was in such a condition as to be deprived of his will power or responsibility for his behavior, or to a habitual drunkard, or in violation of a prohibitory statute. . . ."

As a result of some more recent cases, the following paragraph has been added under 30 Am. Jur., Intoxicating Liquors, § 521 [1965 Supp.], p. 29:

> "It is established that in some circumstances a vendor's sale of liquor may constitute a wilful violation of his duty to one other than the consumer thereof and be the proximate cause of the injury sustained by such third person, so that for such injury the latter may have a right of action at common law against the vendor."

In Indiana, no cases have been cited or found which have directly held either that there is or that there is not common law liability against a vendor of intoxicating liquor. At least one case under the old Dram Shop Act included dicta to the effect that there is no common law liability. See *Krach et al. v. Heilman* (1876), 53 Ind. 517. Conversely, there have been

dicta which would imply that a common-law action might lie against the seller. See *Burk* v. *Anderson et al. etc.* (1953), 232 Ind. 77, 109 N. E. 2d 407.

In other states, some courts have held that no common-law action lies against a vendor of liquor on behalf of a third person who was injured by acts of a person who became intoxicated after drinking the liquor, and in other courts such actions have been upheld. See Annotations 75 A. L. R. 2d 834 and 130 A. L. R. 353 and cases there cited.

In recent years, there have been a substantial number of cases holding that where liquor is sold to such persons as minors or drunks who are particularly susceptible to the use of liquor, a seller can be liable for the resulting injury if circumstances should have warned him that his sale would create an unreasonable risk. *Rappaport* v. *Nichols*, 31 N. J. 188, 156 A. 2d 1 (1959) ; *Colligan* v. *Cousar*, 38 Ill. App. 2d 392, 187 N. E. 2d 292 (1963) ; *Waynick* v. *Chicago's Last Department Store*, 269 F. 2d 322 (7th Cir. 1959) ; cert. den. 362 U. S. 903, 80 Sup. Ct. 611 (1960) ; *Jardine* v. *Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A. 2d 550 (1964) ; *Smith* v. *Clark*, 411 Pa. 142, 190 A. 2d 441 (1963).

In all of the above cited cases, reference was made to a prohibitory statute forbidding the sale of intoxicating liquor to minors or intoxicated persons.

The crucial issue in all of the cases involving liability of a seller of alcoholic beverages seems to be the matter of proximate cause. Many of the cases constantly cited have arbitrarily held that the selling of the intoxicating liquor is too remote in time to be a proximate cause of resulting injury.

However, it is well settled that for a negligent act or omission to be a proximate cause of injury, the injury need be only *a natural and probable result thereof; and the consequence be one which in the light of the circumstances should reasonably have been foreseen or anticipated.* 21 I. L. E. *Negligence* §§ 64, 65, pp. 323, 325; *Conner* v. *The*

*Citizens' Street Railroad Company of Indianapolis* (1896), 146 Ind. 430, 45 N. E. 662; *Phares* v. *Carr* (1952), 122 Ind. App. 597, 106 N. E. 2d 242.

In order to be actionable, an act of negligence need not be the only proximate cause. It is sufficient if the act, concurring with one or more efficient causes, other than the plaintiff's fault, is the proximate cause of the injury.

Even intervening acts of negligence do not necessarily relieve a wrongdoer of liability.

"[I]f harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. Generally, where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonable foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces, and the original wrongful act will be treated as a proximate cause; but, if the new independent intervening force was not reasonably foreseeable at the time of the actor's wrongful conduct, the consequences, ordinarily, are not caused by the original wrongful act.

In determining what was the efficient cause of an injury, the test is to be found, not in the number of the intervening events or agents, but in their character, and in the natural and probable consequences, . . ." 21 I. L. E. § 67 Negligence, 331-333.

Ordinarily, the issue of proximate cause is for the jury if different minds might reasonably draw different inferences from the facts given. Certainly it is for the jury to determine whether or not the injurious consequences that resulted from negligence are such as ought reasonably to have been foreseen, or whether an intervening cause was such as to break the causal connection. 21 I. L. E. § 204 Negligence, 428, at 430.

In analogous situations, this court has upheld the liability of a seller or furnisher of articles that are dangerous if misused. In the case of *Binford* v. *Johnston* (1882), 82 Ind. 426, the defendant sold cartridges to two minors contrary to prohibitory statutes. The younger brother of one of the two minors got hold of the cartridges and shot one of the brothers. This court upheld the liability of the seller. And in the case of *Smith* v. *Thomas et al.* (1955), 126 Ind. App. 59, 130 N. E. 2d 85, the Appellate Court upheld the liability of persons who furnish an automobile to a minor unlicensed to drive for the injury resulting from the operation of the automobile by the unlicensed driver.

While it is not binding on this court, the case of *Colligan* v. *Cousar, supra* (38 Ill. App. 2d 392, 187 N. E. 2d 292), is of interest. That was a case filed by a pedestrian against the seller of intoxicating liquor to a person who was drunk. The accident occurred in Indiana, and the Illinois court determined that the Indiana common law controlled. After examining several Indiana decisions, the court concluded that there is a common-law action in Indiana against those unlawfully selling or furnishing intoxicating liquor in favor of third persons subsequently injured by the acts of the purchasers as the result of their intoxicated condition.

In the absence of special statutory provision, the general principles of common-law negligence should be applied to cases involving intoxicating liquor. Accepting as true all the allegations of Paragraph I of the plaintiff's complaint, there are sufficient facts stated to constitute a cause of action. Hence it was error for the trial court to sustain the general demurrer addressed to Paragraph I of the plaintiff's complaint.

Transfer from the Appellate Court is ordered and the judgment of the trial court is reversed with instructions to overrule the demurrer to Paragraph I of the plaintiff's complaint and to take such further action as may be appropriate, consistent with this opinion.

Arterburn & Myers, JJ., concur. Jackson, J., votes to deny transfer. Achor, J., not participating.

NOTE.—Reported in 217 N. E. 2d 847.