**Louis C. STANLEY, as Guardian for Edgar Leo Stanley, Appellant (Plaintiff Below),**

v.

**David L. JOHNSON and LaPorte County Farm Bureau Co-Operative Association, Appellees (Defendants Below).**

No. 3–1078A288.

Court of Appeals of Indiana, Third District.

Oct. 25, 1979.

Donald C. Swanson, Jr., Fort Wayne, Richard G. French, Pro Hac Vice, Chicago, Ill., for appellant; Michael C. Kominiarek, Chicago, Ill., of counsel.

R. Kent Rowe, South Bend, Leon R. Kaminski, Thomas D. Sallwasser, LaPorte, for appellees.

STATON, Judge.

Louis C. Stanley, as guardian for Edgar Leo Stanley, filed an action for damages against the LaPorte County Farm Bureau Co-operative Association (LaPorte) and David L. Johnson (Johnson), its agent and employee. The action arose as the result of an automobile accident in which Stanley sustained severe and permanent injuries. The jury returned a verdict for Stanley and awarded him $570,000.00 in damages. Judgment was entered accordingly.

On appeal, Stanley raises three issues for our consideration:

(1) Did the trial court commit reversible error in allowing LaPorte and Johnson to admit liability and in granting their motion in limine?

(2) Did the verdict adequately compensate Stanley for his injuries?

(3) Were the damages inadequate because of confusing and misleading instructions to the jury?

We affirm.

The facts relevant to our disposition of the case indicate that Stanley was severely injured in an accident in which his vehicle collided with a semi-trailer truck driven by Johnson, on behalf of LaPorte. Due to the seriousness of Stanley's injuries, his son Louis was appointed as guardian of the estate.

On April 21, 1978, a pre-trial order in which LaPorte and Johnson denied any liability, was filed. According to this order, the contested issues of fact at trial were to be whether LaPorte and Johnson were liable, and, if so, the extent of damages. Al-

though they had denied liability throughout the nearly two years of pre-trial proceedings, they were allowed to admit it on the first day of the trial. Johnson and LaPorte neither amended the pre-trial order nor filed an answer admitting liability. At the time of this admission, the court also granted their motion in limine. It barred Stanley from introducing into evidence certain facts surrounding his accident.

On appeal, Stanley urges us to find that the trial court committed reversible error when it allowed Johnson and LaPorte to admit liability in violation of the pre-trial order. It provided, in part:

"Hereafter, this Order will control the course of the trial and may not be amended except by the parties and the Court or by Order of the Court to prevent manifest injustice. The pleadings are deemed merged herein."

Stanley contends that there was no showing by Johnson and LaPorte that the pre-trial order should have been modified to "prevent manifest injustice." He argues that "trial strategy" was the only reason for their admission of liability on the first day of the trial.

Despite the interesting nature of this question, we decline his invitation to address it. Stanley's trial began on May 8, 1978. Five days earlier, he had received a letter from LaPorte and Johnson which admitted liability and presented a proposed preliminary instruction to that effect to be read to the jury. LaPorte and Johnson orally admitted negligence to the court on May 8th. At the same time, the court granted their motion in limine which barred Stanley from introducing many of the circumstances surrounding his accident into evidence. Stanley did not object. A preliminary instruction which admitted that Johnson was negligent in the operation of the semi-truck and that his negligence proximately caused injury to Stanley was then read to the jury in the opening hours of the trial. Again, Stanley did not object. In fact, it wasn't until the close of the third day of the trial, that Stanley chose to place his objections "on the record" by formally objecting to LaPorte's and Johnson's admissions of negligence and the court's granting of their motion in limine.

■ In order to preserve a question on appeal, a proper objection must be made *at the time the evidence is offered. Pointon v. State,* Ind., 372 N.E.2d 1159. A party waives any error if he fails to present *a timely objection* in the court below to the giving of allegedly misleading, improper or insufficient preliminary instructions. *Weenig v. Wood* (1976), Ind.App., 349 N.E.2d 235. Accordingly, we deem this issue waived.

■ Stanley next contends that the verdict was inadequate to compensate him for his present injuries as well as past and future expenses and losses. We disagree. Reversal of a verdict, being appealed on the basis of inadequacy of damages, is not justified if the amount of damages is within the · scope of evidence before the trial court. *Kirk v. Harris* (1977), Ind.App., 364 N.E.2d 145. In determining whether a verdict is inadequate, we will use those same rules which govern our review of excessive verdicts. *Wickizer v. Medley* (1976), Ind.App., 348 N.E.2d 96. The *Wickizer* Court, quoting *Henschen v. New York Cent. R. Co.* (1945), 223 Ind. 393, 60 N.E.2d 738, set forth the following standard:

" 'Aside from cases where damages are a mere matter of computation this court will reverse a cause for excessive damages only where, after examining the evidence concerning the injuries, it is apparent that the amount of damages assessed by the jury is so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element."

\*   \*   \*   \*   \*   \*

" 'In a case of this kind the extent of the compensation is largely a jury question and does not admit of fixed rules and mathematical precision.' "

348 N.E.2d at 97.

■ In the present case, the amount of damages awarded by the jury to Stanley is

not so small as to imply that the jury was "motivated by prejudice, passion, partiality or corruption, or considered some improper element." Stanley is asking us to re-weigh the evidence. This we will not do. In our review, we will look only to that evidence and the reasonable inferences drawn therefrom which support the trial court's judgment.

Stanley finally complains that his damages were inadequate because of confusing and misleading instructions to the jury. In bringing this issue to the Court's attention, Stanley makes little effort to comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) as it relates to the presentation of instructional error on appeal. The rule provides:

"When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

■ Stanley failed to set out, in verbatim, both the instructions and his at-trial objections to them in the argument section of his brief. Although he hampered us in our effort to address this issue on its merits, we will do so as his contentions are presented in a manner sufficiently clear as to allow us to reach the substance of his claims. *See* *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. We will, however, continue to deem an issue waived where we find non-compliance with AP. 8.3 to be substantial or in bad faith.

■■ Stanley contends that the following instruction:

"If, after considering all of the evidence admitted in the case relating to the subject, the jury finds that the plaintiff has failed to prove by a fair preponderance of such evidence that Edgar Leo Stanley has suffered or will suffer mental and/or physical pain as a result of the collision in question, or if the evidence with respect thereto is evenly balanced so that you cannot tell whether or not such

physical and/or mental pain exists or will in the future exist, then, and in either event, you may not award money damages for such alleged mental and/or physical pain and suffering."

unduly emphasizes one element of damages and amounts to a second instruction on the same subject matter. We disagree. To some extent, repetition in the giving of instructions is bound to occur. But this does not, however, make them per se erroneous. Such instructions will only be considered erroneous when the repetition occurs so emphatically and so frequently that it overly impresses the jury with some particular fact or phase of the law. *Perry v. Goss* (1970), 253 Ind. 603, 255 N.E.2d 923. Such is not the case here.

■ Stanley next argues that the jury was misled by instruction # 9 and instruction # 10. They are as follows:

### Instruction 9

"In deliberating on your verdict in this case, the jury should not consider or award any money damages for any loss or suffering that you may find resulted to the family of Edgar Leo Stanley but, on the contrary, any recovery by the plaintiff in this case must be confined to damages suffered by Edgar Leo Stanley only."

### Instruction 10

"Ladies and Gentlemen of the jury, in determining the amount of the plaintiff's damages in this case, the jury is limited to assessing compensatory damages only and you are not to consider awarding damages for punishment of the defendants, or either of them, or exemplary damages."

He reasons that these instructions interjected elements, which were not at issue, into the case and, thereby, confused the jury. Generally, the giving of an instruction which is not relevant to the issues and not applicable to the evidence is error. It, however, is grounds for reversal only where it appears that the jury's verdict could have

been predicted upon such an instruction. *Hendrickson & Sons Motor Co. v. Osha* (1975), 165 Ind.App. 185, 331 N.E.2d 743. Here, it is apparent from the instructions themselves that the jury was informed *not* to consider the damages suffered by Stanley's family, or putative damages in reaching its verdict. This is hardly interjecting elements into the case, but rather, it is finely delineating those issues to be considered.

Finally, Stanley contends that instruction # 12 was prejudicial in that there was no evidence to support it. The instruction provides that:

"Regardless of the fact that the injured party, Edgar Stanley may be without fault in causing or contributing to his own injury, it is the duty of his guardian, Louis Stanley to use reasonable diligence and reasonable means under the circumstances to mitigate or lessen his damages so that such injured person may be entitled to recover only reasonable compensation in attempting to cure or maintain himself."

This instruction, Stanley argues, invites the jury to speculate as to the proper role of his guardian in mitigating damages. His contention that there is no evidence to support such an instruction is different than the one at trial. Any error in the giving of instructions is waived on appeal where the grounds asserted on appeal differ from those stated in the objections at trial. *Hendrickson & Sons Motor Co., supra.* Stanley also asks us to find that there is no duty for a guardian to mitigate damages. This instruction seems to have slight relevance to the case at hand. However, we again note that when an irrelevant instruction is given, it is harmful error only when it appears that the jury's verdict could have been predicated upon that instruction. *Hendrickson & Sons Motor Co., supra.* Stanley has not shown us that he was harmed by the giving of the instruction or that the jury wrongfully considered it in reaching its verdict.

Accordingly, we affirm.

GARRARD, P. J., and HOFFMAN, J., concur.