Barbara PARRETT, as Administratrix of the Estate of Jerry L. Parrett, Plaintiff-Appellant,

v.

Boris LEBAMOFF and Peter G. Atzeff, d/b/a Green Frog Inn, Defendants-Appellees.

No. 3–178A18.

Court of Appeals of Indiana, Third District.

Sept. 4, 1980.

Ronald Frybarger, Fort Wayne, for plaintiff-appellant.

William F. McNagny, John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for defendants-appellees.

GARRARD, Presiding Judge.

Barbara Parrett, as administratrix of the estate of her husband, Jerry L. Parrett, brought this action against Boris Lebamoff and Peter Atzeff, operators of a tavern known as the Green Frog Inn. She claimed damages for wrongful death based upon the allegation that the defendants had served her husband alcoholic beverages in violation of IC 7.1–5–10–15 and that upon leaving their tavern her husband had an automobile accident and was killed. The trial court dismissed the complaint for failure to state a claim pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6). This appeal challenges the propriety of dismissal.

The statute at the time in question [1] provided,

"It is unlawful for a person to sell, barter, deliver, or give away, an alcoholic beverage to another person who is in a state of intoxication if the first person knows that the other person is intoxicated. A person who violates a provision of this section is guilty of a misdemeanor, and upon conviction of the first offense shall be fined an amount of not less than ten dollars ($10), nor more than one hundred dollars ($100), to which may be added imprisonment for a period of not more than sixty (60) days. A person who is convicted of a subsequent violation of this section shall be fined an amount of not less than twenty-five dollars ($25), nor more than two hundred dollars ($200), to which may be added imprisonment for a period of not more than six (6) months."

In *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847 our Supreme Court considered whether a companion statute, IC 7.1–5–7–8, which prohibits the sale, etc. of alcoholic beverages to minors imposed civil liability and concluded that it did. The court's reasoning in *Elder* applies to the section now before us. We conclude that IC 7.1–5–10–15 imposes a duty which will serve as a premise for a civil action for damages. *See also Brattain v. Herron* (1974), 159 Ind.App. 663, 309 N.E.2d 150.

Even so, the owners contend that Parrett's actions in voluntarily becoming intoxicated and then operating his motor vehicle establish, as a matter of law, his contributory negligence so that recovery is precluded and the claim was properly dismissed.

The estate responds with the assertion that violation of the statute was negligence per se and contributory negligence should be no bar to recovery.

Our examination of the decisions from jurisdictions which have taken the view urged by the estate reveals that they are premised upon the proposition that where the purpose of the statute is to protect a class of persons from their inability to exercise self-protective care, it would defeat the legislative purpose to bar a member of the protected class from recovery on account of his contributory negligence. *See, e. g., Schelin v. Goldberg* (1958), 188 Pa.Super. 341, 146 A.2d 648.

The view taken by the Restatement is,

"The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation

1. As amended in 1978 the statute now provides,

"It is unlawful for a person to sell, barter, deliver, or give away an alcoholic beverage to another person who is in a state of intoxication if the person knows that the other person is intoxicated."

of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant."

Restatement of Torts (2nd) § 483. Comment c to this section further explains,

"There are, however, exceptional statutes which are intended to place the entire responsibility for the harm which has occurred upon the defendant. A statute may be found to have that purpose particularly where it is enacted in order to protect a certain class of persons against their own inability to protect themselves."

We think this correctly states the law.

In turning to the statute before us we have no doubt that the intoxicated patron, himself, was within the class of persons the legislature desired to protect. The risk of harm to the intoxicated person whose faculties are visibly impaired is readily foreseeable.

We do not, however, find in the legislative expression a manifestation of clear intent to place the entire responsibility for the harm that ensues upon a violator of the statute.[2] Neither is such an interpretation compelled by the subject matter of the provision since the terms of the section permit the furnishing of alcoholic beverages which will be sufficient to cause intoxication without constituting a violation so long as none are furnished after it is known that the recipient is (has become) intoxicated.

Finally, we note that the history of the legislation also fails to support the estate's contention for strict liability. Chapter 13, § 20 of the Acts of 1875 (Special Session) expressly declared that the furnisher would be liable to *any* person suffering injury as a consequence of the violation. As observed in *Elder, supra,* that provision was repealed by the legislature in its enactments of the progenitors of the present statute. 217 N.E.2d 849.

Accordingly, we conclude that contributory negligence may constitute a defense to the action.[3] A number of other jurisdictions have arrived at the same result. *See, e. g., Swartzenberger v. Billings Labor Temple Ass'n.* (1978), Mont., 586 P.2d 712; *Ramsey v. Anctil* (1965), 106 N.H. 375, 211 A.2d 900; Annot., 54 *A.L.R.2d* 1152.

However, we further conclude that dismissal of plaintiff's complaint at the stage of the proceedings where it occurred was unwarranted. Our courts have traditionally held that a plaintiff's negligence will not bar his recovery where the actions of the defendant are wilful, wanton or reckless. *See, e. g., McKeown v. Calusa* (1977), Ind. App., 359 N.E.2d 550. That doctrine has application to proceedings such as this one. *Ewing v. Cloverleaf Bowl* (1978), 20 Cal.3d 389, 143 Cal.Rptr. 13, 572 P.2d 1155.

Thus, dismissal of the complaint was not justified.[4]

Reversed and remanded.

HOFFMAN and STATON, JJ., concur.

2. Such expressions typically provide that any person violating the proscription shall be liable to any person for injuries to person or property sustained as a consequence of the violation. *See, e. g.,* Acts of 1875 (Special Session) Ch. 13, § 20 (Repealed).

3. The 1921 decision in *Massachusetts Bonding & Ins. Co. v. State ex rel. Gary,* 191 Ind. 595, 131 N.E. 398, did affirm a recovery for the subsequently injured intoxicated person. However, no issue was presented in the appeal concerning contributory negligence, and we do not believe the case should be interpreted as precluding the defense. Indiana has traditionally held that voluntary drunkenness does not alter the conduct necessary to satisfy the stan-

dard of care imposed by the law. *Welty v. Indianapolis & V. R. Co.* (1886), 105 Ind. 55, 4 N.E. 410.

4. The owners also urge that certain affidavits filed by them and unresponded to establish the lack of a factual issue for trial and justify treating the order as one for summary judgment. We have reviewed these together with the other materials before the court. While they disclose potentially serious obstacles to any recovery by the plaintiff, we conclude that they are insufficient to establish the right to summary judgment in accord with our standard of appellate review. *See, e. g., Smith v. P & B Corp.* (1979), Ind.App., 386 N.E.2d 1232.