**GARIUP CONSTRUCTION COMPANY, INC., Appellant (Defendant Below),**

v.

**Andrew W. FOSTER, Appellee (Plaintiff Below).**

No. 3–1085A279.

Court of Appeals of Indiana, Third District.

Sept. 22, 1986.

Rehearing Denied Nov. 17, 1986.

Fred M. Stults, Jr., Stults, Custer, Kutansky & McClean, Gary, David L. Zoss, Stults, Custer, Kutansky & McClean, Valparaiso, for appellant.

John C. Hamilton, Timothy J. Hartzer, Parker & Jaicomo, South Bend, for appellee.

HOFFMAN, Judge.

Defendant-appellant Gariup Construction Company, Inc., appeals an adverse judgment in favor of plaintiff-appellee Andrew Foster. After a trial by jury, a verdict was returned for Foster allowing him to recover for his personal injuries suffered in an automobile accident between Foster and one of Gariup's employees.

The evidence relevant to this appeal discloses that Gariup held a Christmas party for employees and guests on December 17, 1982. One of its supervisory employees, Paul Orner, attended the party. From approximately 7:00 P.M. until 10:00 P.M. Orner consumed three or four beers. At some point after 10:00 P.M. Orner engaged in a drinking game with three or four people. Over a 30 to 40 minute period Orner drank between six and eight shots of 80 proof whiskey. Orner ate a meal prior to drinking the beers and he snacked throughout the evening.

Apparently with the intention of picking up his wife from work, Orner left the party after the drinking game. Later, an off-duty state trooper observed Orner driving eastbound in the westbound lanes of I-94, at about 50 miles per hour. Soon thereafter, Orner's vehicle struck Foster's vehicle head-on. Another state trooper arrived at the accident scene to make a report. He did not find any skid marks which would indicate an attempt to avoid the accident. While being questioned by the state trooper, Orner fell asleep. The trooper believed Orner to be extremely intoxicated at the time. A breathalizer test revealed a blood alcohol content of .16%.

Foster instituted a suit against Gariup. At trial the jury was presented with two theories of recovery by Foster: 1) Gariup's violation of IND.CODE § 7.1-5-10-15 (1982); and 2) Gariup's negligence. The jury awarded Foster $150,000.00. This appeal ensued.

Gariup presents numerous issues for review.[1] As restated and consolidated the issues dispositive of the appeal are:

(1) whether Foster's negligence claim stated a cause of action;

(2) whether sufficient evidence supports a finding that Gariup violated IND. CODE § 7.1-5-10-15;

(3) whether Orner's testimony regarding the results of his breathalizer test was admissible;

(4) whether the trial court improperly instructed the jury; and

(5) whether the trial court erred in advising the jury of certain requests for

[1]. Appellant's brief is confusingly organized. The brief contains approximately 15 issues, but is divided into only two major parts denominated as "Statement of Generally Applicable Legal Principles" and "Argument Upon the Merits of Errors Assigned." Compliance with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) would facilitate review.

admissions propounded by Foster and Gariup's responses thereto.

Gariup's first allegation of error concerns advising the jury that Foster had the burden of proving one of two theories of recovery. The first cause of action was premised upon a statutory violation and the second was premised upon a common-law theory of negligence.

The statute in question IND.CODE § 7.1–5–10–15 provided: [2]

"It is unlawful for a person to sell, barter, deliver, or give away an alcoholic beverage to another person who is in a state of intoxication if the person knows that the other person is intoxicated."

Gariup argues that the statute supersedes any common-law negligence theory of recovery.

■■■ Although our Supreme Court's decision in *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847 could be construed as endorsing a common-law theory of negligence; a more recent pronouncement by the Court in *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80 noted that "[g]eneral principles of common law negligence apply only in the absence of a special statutory provision." Consequently, the special statutory provision in the present case, IND.CODE § 7.1–5–10–15,[3] would preclude a common-law theory of recovery.

■■■ The trial court erred in instructing the jury on both the statutory and the common-law theories of recovery. Where an instruction is given which is not relevant to the issues and not applicable to the evidence, reversal is required if it appears that the jury's verdict could have been predicated upon the erroneous instruction. *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 122; *Stanley v. Johnson* (1979), 182 Ind.App. 557, 562, 395 N.E.2d 863, 866. Because the jury may have premised its general verdict on an improper

theory of recovery, the judgment must be reversed and remanded for a new trial.

■■■ Gariup argues further that the evidence presented at trial did not warrant submission of the case to the jury under the statutory provision. The evidence noted in the recitation of facts belies Gariup's position. In arguing insufficiency of the evidence, Gariup urges a requirement that the intoxicated person be served after "visible intoxication" occurs. While a newly enacted provision, IND.CODE § 7.1–5–10–15.5 (1986 Supp.), does require visible intoxication, the legislature specifically noted that the act did not apply to any action which accrued prior to April 1, 1986. P.L. 80, section 2, 1986. The applicable law in the present case does not require visible intoxication.

■■■ Next, Gariup argues that Orner's testimony regarding the results of his breathalyzer test was inadmissible. This Court in *Elsperman v. Plump* (1983), Ind. App., 446 N.E.2d 1027, 1032 quoted approvingly from a Pennsylvania decision wherein the court ruled that evidence of a blood alcohol test was improperly excluded on the question whether a bar patron was intoxicated at the time he was served his last drink. The evidence was properly admitted and the weight accorded the evidence was a matter for the jury's determination.

Several instructions given or refused by the court over Gariup's objections, form the basis for a fourth ground of error. The instructions complained of covered points of law previously discussed in this opinion. On remand, any instruction relating to a common-law theory of recovery should be omitted. By limiting Foster to a statutory theory of recovery, many of the instructions questioned by Gariup are rendered superfluous. Thus, any pronouncement regarding proper instructions at a second trial must be limited to general

---

**2.** The statute was subsequently amended.

**3.** A violation of criminal liquor statutes will support a civil cause of action. *See, Whisman v. Fawcett, supra; Elsperman v. Plump* (1983), Ind.App., 446 N.E.2d 1027; *Parrett v. Lebamoff*

(1980), Ind.App., 408 N.E.2d 1344. For a review of third-party liability occasioned by the acts of drunk drivers, see *Campbell v. Board of Trustees of Wabash College* (1986), Ind.App., 495 N.E.2d 227.

propositions. Instructions by the court must correctly state the law and must be supported by the evidence. *Antcliff, supra*, 436 N.E.2d at 119.

Finally, Gariup complains that certain admissions should not have been read to the jury. Ind.Rules of Procedure, Trial Rule 36(B) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The record does not reflect a motion for withdrawal or amendment by Gariup.

Gariup also argues that some of its responses did not constitute admissions. For the most part, Gariup stated that it was without knowledge to determine whether a certain request was inaccurate or incorrect. Pursuant to T.R. 36(A) a party may not make such a response without a further statement that reasonable inquiry has been made or that an inquiry would be unreasonably burdensome. Therefore, the responses were properly deemed admissions and were conclusive in the action.

Any other issues raised by Gariup need not be addressed in light of the reversal of the judgment and remand for a new trial based on the statute.

Reversed and remanded for a new trial.

STATON, P.J., concurs.

GARRARD, J., concurs in result.