**PICADILLY, INC., Appellant**
**(Defendant below),**

v.

**Charles H. COLVIN, Appellee**
**(Plaintiff below).**

**No. 32A01–8603–CV–00065.**

Court of Appeals of Indiana,
First District.

Jan. 27, 1987.
Rehearing Denied Mar. 5, 1987.

James R. Fisher, Robert B. Clemens, Michael J. Lewinski, Ice Miller Donadio & Ryan, Indianapolis, for appellant.

W.F. Conour, Conour & Davis, Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellant Picadilly, Inc. (Picadilly) appeals from a jury verdict and judgment of $75,000 compensatory damages and $150,000 in punitive damages awarded to the plaintiff-appellee Charles H. Colvin (Colvin).

We reverse.

A review of the facts shows that Deborah Brewer along with Joyce Carrico joined a group of six other women sometime between 7:30 and 9:30 p.m. at Picadilly.

Picadilly is a bar licensed to sell beer, wine, and liquor. It is located in a building which formerly housed a department store and covers in excess of 40,000 square feet. The method used in selling alcoholic beverages to the patrons is similar to checkout counters at a supermarket. There are eight lanes for customer use. Each lane begins with a cashier where the drinks are ordered and paid for. The drink order is conveyed by computer to a bartender who prepares the drinks. The drinks are then given to a passer who places the completed order on a counter for the customer to pick up.

Brewer drove Carrico home at about 1:30 a.m. and started toward her own home in Hope, Indiana. Brewer became lost and entered an interstate highway going in the wrong direction. She collided with Colvin at about 3:30 a.m. Two separate blood tests were taken after 6:00 a.m. which showed Brewer's blood alcohol content to be .114 and .1205.

Colvin filed suit against Brewer and Picadilly with a settlement being reached with Brewer prior to trial.

We are of the opinion that the first issue raised by Picadilly presents reversible error. The issue is stated as being:

Whether the trial court erred in refusing defendant's tendered instructions 8, 9, and 10, by which the jury would have been instructed that there is no common law dramshop liability in Indiana and that liability could only be imposed if a statutory violation was found?

The instructions refused by the court read:

Defendant's tendered Instruction No. 8:
I instruct you that, absent the statute making it illegal to sell or provide alcoholic beverages to a person who was known to be intoxicated which the plaintiff contends that Picadilly, Inc., violated, there would be no cause of action against Picadilly, Inc., by Charles Colvin.

Defendant's tendered Instruction No. 10:
If you should find from the evidence that the defendant Picadilly, Inc., did not have actual knowledge that Deborah Brewer was intoxicated at the time she took possession of her automobile, then Picadilly,

Inc., will not be subject to liability for physical harm caused or resulting from Brewer's possession and use of the automobile.

Defendant's tendered instruction No. 9 is not germane to our decision and need not be set forth.

█ The essence of the issue is focused upon defendant's tendered instruction No. 8 which Picadilly argues has the effect of saying that there is no common law cause of action for dramshop liability in Indiana. We are of the opinion that this is a correct statement of the law as it applies to this appeal.

Colvin in urging a common law remedy does exist primarily relies upon the following quote from *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847 at 853:

In the absence of special statutory provision, the general principles of common law negligence should be applied to cases involving intoxicating liquor.

*Elder* involved sales of alcoholic beverages to a minor. In a later case, *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, our supreme court said:

*Elder* did establish for the first time in Indiana that there is a common law action against those *unlawfully* selling or furnishing intoxicating liquor in favor of third persons subsequently injured by the acts of the purchasers as a result of their intoxicated condition. However, a careful review of the record shows the trial court ruled as it did not because it determined a common law action to be non-existent; rather, it properly concluded that plaintiff's claim fell under specific statutory provisions which serve as a premise for a civil action for damages. Indiana law clearly endorses the proposition that a violation of the liquor laws will result in a civil action. *See, e.g., Elder*, 217 N.E.2d at 851; *Parrett v. Lebamoff,* (1980) Ind.App., 408 N.E.2d 1344; *Elsperman v. Plump,* (1983) Ind. App., 446 N.E.2d 1027. *General principles of common law negligence apply only in the absence of a special statu-*

*tory provision. Elder,* 217 N.E.2d at 853. (Emphasis added).

470 N.E.2d at 80.

Taking the analysis one step further we note the very recent decision of *Gariup Const. Co., Inc. v. Foster* (1986), Ind.App., 497 N.E.2d 924, which stated:

Although our Supreme Court's decision in *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847 could be construed as endorsing a common-law theory of negligence, a more recent pronouncement by the Court in *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80 noted that "[g]eneral principles of common law negligence apply only in the absence of a special statutory provision. Consequently, the special statutory provision in the present case, IND.CODE § 7.1-5-10-15, would preclude a common-law theory of recovery. (Footnote omitted).

497 N.E.2d at 926.

Application of *Elder, Whisman* and *Gariup* to this case, in the context of the existence of a common law cause of action, leads us to the conclusion that such a cause is not available to Colvin because of his reliance upon a special statutory provision, namely IND.CODE 7.1-5-10-15. That criminal statute reads:

Sale to Intoxicated Person Prohibited. It is unlawful for a person to sell, barter, deliver, or give away an alcoholic beverage to another person who is in a state of intoxication if the person knows that the other person is intoxicated.

█ Colvin argues that Picadilly has waived this issue because there was no objection by Picadilly to Colvin's instruction setting forth a common law course of action under the facts of this case. Had Picadilly made objection to the common law theory instruction it would have also presented reversible error. However, Picadilly was refused when it tendered an instruction correctly stating the law and applicable under the facts. This is reversible error. *Southern Indiana Gas & Elec. Co. v. Steinmetz* (1978), 177 Ind.App. 96, 377 N.E.2d 1381. We would further note the following from *Gariup:*

The trial court erred in instructing the jury on both the statutory and the common-law theories of recovery. Where an instruction is given which is not relevant to the issues and not applicable to the evidence, reversal is required if it appears that the jury's verdict could have been predicated upon the erroneous instruction. (Citations omitted).

497 N.E.2d at 926.

 Even though we find reversible error exists it is appropriate to address another issue raised by Picadilly. That issue is whether the trial court erred in refusing to grant a directed verdict for Picadilly because of the lack of sufficient evidence to permit a jury to conclude that Picadilly's employees served alcoholic beverages to an intoxicated person in violation of I.C. 7.1–5–10–15. A review of the record causes us to agree for the reason that there is an absence of evidence that Picadilly's employees served alcoholic beverages to Brewer knowing that she was intoxicated. *See Whisman, supra* and *Elder, supra.*

It is Colvin's position that the cafeteria style of service used by Picadilly lends itself to a purposeful avoidance of such knowledge and that a constructive knowledge should be imposed which says that the defendant knew, or in the exercise of reasonable care should have known that Brewer was intoxicated. We are of the opinion that constructive knowledge of intoxication is not sufficient. The statute is worded so that the server must know that the person being served is intoxicated. While Colvin makes several public policy arguments in favor of his position such change should be made by the legislature.

In summary, a judgment on the evidence is proper when there is an absence of evidence or reasonable inferences in favor of the plaintiff upon an issue in question. *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205. That being the case relating to actual knowledge of Brewer's intoxication by Picadilly, a judgment on the evidence should have been entered.

Judgment reversed and remanded with instructions to enter judgment for the defendant-appellant Picadilly.

NEAL and STATON, JJ., concur.