Clayton **BUFFINGTON, Jr.,** as Executor of the Estate of Mary Ellen Buffington, and Clayton Buffington, Jr., **Plaintiff,**

v.

Donnie **METCALF, Robert J. Kuntz,** d/b/a Village Bar and Restaurant, and Robert Metcalf, **Defendants.**

No. IP 93–839 C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 27, 1994.

Thomas R. Koustmer, Theodore J. Froncek, Cincinnati, OH, M. Joseph Kisor, Lawrenceburg, IN, for plaintiff.

Keith A. Kinney, Hill Fulwider McDowell Funk & Matthews, P.C., Mark J. Roberts Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, IN, Kevin W. Ault, Rushville, IN, for defendants.

### MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on the memorandum of defendant Robert J. Kuntz, d/b/a Village Bar & Restaurant, in support of his affirmative defense on plaintiff's sixth and eighth causes of action, deemed a motion to dismiss the sixth and eighth causes of action. For the reasons stated below, Kuntz' motion to dismiss is denied.

### I. Background

This diversity action brought by Clayton Buffington, Jr. ("Buffington") in his individual capacity and as executor of the Estate of Mary Buffington, his late wife, seeks damages allegedly resulting from an automobile accident in Metamora, Indiana, in October, 1992. Pedestrian Mary Buffington was allegedly struck by an automobile driven by defendant Donnie Metcalf, who was allegedly under the influence of alcohol at the time. Buffington seeks damages from Donnie Metcalf, Roger Metcalf, and one bar where Buffington alleges that Donnie Metcalf was served alcohol on the day of the accident, Robert J. Kuntz, d/b/a Village Bar and Restaurant.

Buffington's complaint includes three causes of action against Kuntz, the sixth, seventh, and eighth causes of action in the complaint. The sixth cause of action alleges that Kuntz was negligent per se by serving Donnie Metcalf alcohol in violation of Ind. Code § 7.1–5–10–14 ("Sales to Habitual Drunkards Prohibited"). The seventh cause of action alleges that Kuntz was negligent per se by serving Donnie Metcalf alcohol in violation of Ind.Code § 7.1–5–10–15 ("Sales to Intoxicated Person Prohibited"). The eighth cause of action alleges that Kuntz furnished intoxicating beverages to Donnie Metcalf with actual knowledge of his visible intoxication and Donnie Metcalf's intoxication was a direct and proximate cause of the injuries and damages alleged in the complaint.

### II. Discussion

In support of dismissal of the sixth and eighth causes of action, Kuntz argues that claims of negligence per se and non-statutory dram shop liability are disallowed in light of the Indiana General Assembly's enactment of

Ind.Code § 7.1–5–10–15.5 ("§ 15.5"), which provides as follows:

(a) As used in this section, "furnish" includes barter, deliver, sell, exchange, provide, or give away.

(b) A person who furnishes an alcoholic beverage to a person is not liable in a civil action for damages caused by the impairment or intoxication of the person who was furnished the alcoholic beverage unless:

(1) The person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and

(2) The intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

Kuntz argues that, in light of the specific standard of liability set forth in § 15.5, plaintiff may not recover under the sixth or eighth causes of action.

In response, plaintiff argues that § 15.5 was enacted in derogation of the common law, must be strictly construed, and, therefore, does not preclude recovery for a violation of Ind.Code § 7.1–5–10–14. Additionally, plaintiff contends that § 15.5 is unconstitutional because it violates the equal protection clause by "giv[ing] special privileges to purveyors of alcoholic beverages that are not available to other businesses."

### A. Standard for Dismissal

Kuntz contends that plaintiff's sixth and eighth causes of action "should be dismissed as they fail to state claims upon which relief

may be granted plaintiffs...." The Court presumes, therefore, although Kuntz did not explicitly indicate so, that his motion is being made pursuant to Fed.R.Civ.P. 12(b)(6).[1]

■ Dismissal for failure to state a claim is appropriate where a review of the complaint, taking all factual allegations in the complaint as true, reveals that no viable cause of action exists. *Greene v. Finley*, 749 F.2d 467, 468 (7th Cir.1984). "If a plaintiff ... pleads facts and the facts show that he is entitled to no relief, the complaint should be dismissed. There would be no point in allowing such a lawsuit to go any further; its doom is foretold." *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986).

### B. Sixth Cause of Action

■ The sixth cause of action alleges that Kuntz was negligent per se by serving Donnie Metcalf alcohol in violation of Ind. Code § 7.1–5–10–14 ("Sales to Habitual Drunkards"), which provides as follows:

It is unlawful for a permittee to sell, barter, exchange, give, provide, or furnish and alcoholic beverage to a person whom he knows to be a habitual drunkard.

Under Indiana law, a non-excused or non-justified violation of a duty dictated by a statute is generally negligence per se. *Inland Steel v. Pequignot*, 608 N.E.2d 1378, 1383 (Ind.App.1993) (citing *Dawson v. Long*, 546 N.E.2d 1265, 1268 (Ind.App.1989), *trans. denied*), *trans. denied*. However, Indiana law is also clear that negligence per se does not necessarily mean that there is liability per se. *Id.* "The violation of statutory duty is not actionable negligence unless it is also the *proximate cause* of the injury." *Id.* (em-

---

1. Kuntz' memorandum in support of his affirmative defenses was filed January 3, 1994, more than four months after his answer to the complaint was filed. Kuntz may have been justifiedly reluctant to title his memorandum a motion to dismiss for failure to state a claim upon which relief may be granted because Rule 12(b) provides that such a motion should be made "before pleading if a further pleading is permitted." However, Rule 12(h) provides that "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the merits." Therefore, since Kuntz included

an affirmative defense of failure to state a claim and due to Rule 12(h), Kuntz' memorandum, deemed to be a motion to dismiss, is not untimely. *Beck v. Edward D. Jones & Co.*, 735 F.Supp. 903, 904 (C.D.Ill.1990); *EPA v. Environmental Waste Control, Inc.*, 698 F.Supp. 1422, 1440 (N.D.Ind.1988); *but cf. Hansboro v. Northwood Nursing Home, Inc.*, 832 F.Supp. 248, 250 n. 1 (N.D.Ind.1993) (a motion to dismiss filed after the answer has been filed must be treated as a motion for summary judgment rather than a motion to dismiss). Even if it were untimely or had to be treated as a motion for summary judgment, the result would be no different.

phasis in original). In order for an injury to be found to be proximately caused by a statutory violation,

> the injury must have been a foreseeable consequence of the violation [that] would not have occurred if the requirements of the statute had been observed.

*Id.* (citing *Ray v. Goldsmith,* 400 N.E.2d 176, 179 (Ind.App.1980).

Indiana courts also apply these requirements for actionable negligence per se in the area of dram shop liability. Since before the enactment of § 15.5, sellers of liquor have only been held liable for violations of Indiana's dram shop statutes where:

> [the] injuries inflicted by an intoxicated person [were found to be both] *as a result of his intoxication* [and] *where such result was reasonably foreseeable....*

*Welch v. Railroad Crossing, Inc.,* 488 N.E.2d 383, 390 (Ind.App.1986) (quoting *Elsperman v. Plump,* 446 N.E.2d 1027, 1030 (Ind.App. 1983)) (emphasis in *Welch*). Therefore, in making a claim of negligence per se under the dram shop statutes, violation of a duty set out in the statutes has long been just one of the elements necessary to establish liability. *Id.*

Section 15.5 adds to and codifies the basic elements necessary to establish liability on the part of an alcohol provider. In addition to requiring that the intoxication of the person to whom the alcohol was served be a proximate cause of the injury, § 15.5 requires that the alcohol provider have had actual knowledge of the intoxication of the person served. Section 15.5 simply states the fundamental elements of any claim against an alcohol provider relating to damages caused by the intoxication of the person to whom the alcohol was furnished. Therefore, it does not foreclose common law negligence per se recovery under the other dram shop provisions, such as Ind.Code § 7.1–5–10–14.[2]

Plaintiff alleges in the complaint that Kuntz served Donnie Metcalf alcohol when Kuntz and his agents had actual knowledge

that Metcalf was a known habitual drunkard and was visibly intoxicated. Complaint ¶ 12. The complaint also alleges that plaintiff's damages were proximately caused by Kuntz and his agents so serving Metcalf. *Id.* at ¶ 46. Therefore, the complaint states a cause of action for negligence per se under Ind. Code § 7.1–5–10–14.

### C. Eighth Cause of Action

■ Plaintiff's eighth cause of action is one for common law liability against Kuntz, in which plaintiff essentially repeats the allegations made in the sixth and seventh causes of action. Kuntz argues that a common law cause of action involving the furnishing of liquor exists only in the absence of a special statutory provision and that § 15.5, as a special statutory provision involving the furnishing of liquor, necessarily precludes plaintiff's common law cause of action.

In support of this proposition, Kuntz cites three cases: *Bowling v. Popp,* 536 N.E.2d 511 (Ind.App.1989); *Whisman v. Fawcett,* 470 N.E.2d 73 (Ind.1984); and, *Elder v. Fisher,* 247 Ind. 598, 217 N.E.2d 847 (1966). What Kuntz neglects to point out is that the Indiana Supreme Court has specifically addressed the manner in which *Elder* has been interpreted by *Whisman* and its progeny, and determined that *Elder* has been misused:

> In [*Whisman*], this Court recognized that *Elder* established that "there is a common law cause of action against those unlawfully selling or furnishing intoxicating liquor in favor of third persons subsequently injured by the acts of the purchasers as a result of their intoxicated condition." However, *Whisman* misinterpreted *Elder* as establishing that general principles of common law negligence "apply only in the absence of a special statutory provision." This view was not within the holding of *Elder....* We conclude that *Elder* did not intend to limit common law dram shop liability to the absence of statute, *but rather to recognize the common law liability notwithstanding the existence of such statute.*

---

**2.** Likewise, Ind.Code 7.1–5–10–15.5 does not bar recovery on a negligence per se theory under Ind.Code § 7.1–5–10–15, which is the basis for

plaintiff's seventh cause of action. *See Muex v. Hindel Bowling Lanes, Inc.,* 596 N.E.2d 263, 266 (Ind.App.1992).

*Picadilly, Inc. v. Colvin,* 519 N.E.2d 1217, 1220 (Ind.1988) (citations omitted) (emphasis supplied). In his reply memorandum, Kuntz argues that *Picadilly* does not apply to the instant case because *Picadilly* involved a cause of action that accrued prior to the enactment of Ind.Code § 7.1–5–10–15.5. *See Picadilly,* 519 N.E.2d at 1220 n. 1 ("[o]ur opinion today does not attempt to review or construe the validity or applicability of [§ 15.5]").[3]

■ Section 15.5 is in derogation of common law and, therefore, must be narrowly construed. *See Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.,* 578 N.E.2d 669, 673 (Ind.1991) ("[i]t is well settled that the legislature does not intend by a statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication"). There is nothing, either in the express terms of § 15.5 or in what may be implied therefrom, that indicates, as Kuntz argues, that § 15.5 intended to preclude common law liability for those furnishing alcohol.[4] Therefore, Kuntz' motion to dismiss plaintiff's eighth cause of action must fail.

### III. Conclusion

For the reasons stated above, Kuntz' motion to dismiss plaintiff's sixth and eighth causes of action is denied.[5]

It is so ORDERED.

---

**3.** Kuntz does not explain why this reasoning would not also bar the application of *Whisman* and *Elder* to the instant case.

**4.** Of course, § 15.5 provides the standard for liability for a defendant in any common law claim such as this, involving the furnishing of alcohol. Since plaintiff includes the necessary elements for liability under § 15.5 in the eighth cause of action, plaintiff has stated a claim for which relief may be granted.

**5.** Having denied Kuntz' motion, there is no reason to reach plaintiff's counterarguments involving the validity of § 15.5.