Alton R. DAVIS and Davis Equipment
Company, Inc., Appellants
(Defendants Below),

v.

Deborah STINSON, Individually and as
Administratrix of the Estate of Steven
D. Stinson, Deceased, Appellee (Plaintiff Below).

No. 55A04–8701–CV–12.

Court of Appeals of Indiana,
Fourth District.

June 2, 1987.
Rehearings Denied July 20, Sept. 10, 1987.

---

M. Michael Stephenson, McNeely, Sanders & Stephenson, Shelbyville, for appellants.

Joseph J. Reiswerg, Mantel, Mantel & Reiswerg, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendants-Appellants Alton R. Davis and Davis Equipment Co., Inc. (Davis) appeal the denial of their summary judgment motion in favor of the estate of Steven Stinson (Stinson).

We reverse.

ISSUES

Davis presents one issue for our review, whether an intoxicated driver is contributorily negligent as a matter of law barring recovery from a social host who provides the driver with alcohol.

We raise a second issue *sua sponte:* whether the intoxicated driver's operation of an automobile upon a public highway constitutes wilful and wanton misconduct which bars recovery in this action.

FACTS

On December 3, 1981, Stinson attended a party held by his employer, Davis, after work. Davis supplied alcohol for the guests at the party. Stinson left the party and died in a single car accident. An autopsy revealed Stinson had a blood alcohol level of .22 percent.

Stinson's estate filed suit on December 1, 1983. The complaint alleged the sole cause of the accident was Stinson's intoxication. Thereafter, Davis filed a motion for summary judgment claiming Stinson was contributorily negligent as a matter of law. The trial court denied the motion, then certified its summary judgment ruling for interlocutory appeal.

DISCUSSION AND DECISION

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is on the moving party in a summary judgment motion to establish the lack of any genuine issue of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1322, *reh. denied.*

Finally, we will sustain the trial court's judgment on any legal theory or basis consistent with the facts disclosed by the record. *Thompson v. Public Service Co. of Indiana* (1986), Ind.App., 499 N.E.2d 788, 790, *reh. denied.*

Stinson's suit is premised upon IND. CODE 7.1–5–10–15 which reads in pertinent part,

> Sec. 15. Sale to Intoxicated Person Prohibited. It is unlawful for a person to sell, barter, deliver, or *give away* an alcoholic beverage to another person who is in a state of intoxication if the person knows that the other person is intoxicated. *As amended by Acts 1978, P.L. 2, SEC. 721.* (Emphasis supplied).

Our courts have consistently held IC 7.1–5–10–15 imposes a duty which will serve as a premise for a civil action for damages against tavern owners. *Parrett v. Lebamoff* (1980), Ind.App., 408 N.E.2d 1344, 1345. It is readily apparent the "give away" language in that section was intended to render a social host also liable to such an action.

Here, Davis contends Stinson was contributorily negligent as a matter of law. While we agree Stinson cannot maintain his action, it is because he was guilty of contributory wilful and wanton misconduct as a matter of law, not because he was contributorily negligent.

The trial court held here

> .  .  .  .  .
>
> (d) that knowledge and appreciation of a peril are essential elements of contributory negligence in Indiana and knowl-

edge alone is not sufficient to charge a party with contributory negligence (*Lau* [sic] *v. Yukon Delta, Inc.* 458 N.E.2d [677] (1984); *Smith v. Insurance Company of North America* [Ind.App., 411 N.E.2d 638] (1980))

 (e) that a genuine question of fact exists as to Stinson's knowledge and appreciation of the peril of operating his vehicle on the evening in question

(R. 173).[1] However, contributory negligence and the applicable principles the trial court discussed are no longer viable issues in cases where the intoxicated driver or his representatives sue for his injuries or death resulting from his driving an automobile on a highway.

Justice Givan recently said,

 ... it is high time we publicly stated the intoxicated driver is guilty of willful and wanton misconduct when he deliberately assumes control of an automobile and places it upon a public highway.

*Williams v. Crist* (1985), Ind., 484 N.E.2d 576, 578, (Pivarnik, J. concurs, Shepard, J. and DeBruler, J. concur in result, Prentice, J. dissents). Here, Stinson drove his automobile upon a public highway while intoxicated, and this conduct proximately caused his death. Thus, he was guilty of contributory wilful and wanton misconduct under *Williams* as a matter of law.

In *Parrett, supra,* decedent's estate brought an action against a tavern which served alcohol to the decedent after he was intoxicated in violation of IC 7.1-5-10-15. Decedent died in an accident while driving his automobile after leaving the tavern. The trial court dismissed the estate's complaint for failure to state a claim pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6). This court reversed.

The *Parrett* court held an earlier version of IC 7.1-5-10-15 was the basis for a civil suit, and contributory negligence was a defense applicable to such suits. It said

 Accordingly, we conclude that contributory negligence may constitute a defense to the action. A number of other jurisdictions have arrived at the same result. *See, e.g., Swartzenberger v. Billings Labor Temple Ass'n.* (1978), Mont., [179 Mont. 145], 586 P.2d 712; *Ramsey v. Anctil* (1965), 106 N.H. 375, 211 A.2d 900; Annot., 54 *A.L.R.2d* 1152. (Footnote omitted).

*Parrett, supra,* 408 N.E.2d at 1346.[2]

However, contributory negligence is no defense where defendant is guilty of wilful and wanton misconduct. Discussing this subject we continued, saying

 However, we further conclude that dismissal of plaintiff's complaint at the stage of the proceedings where it occurred was unwarranted. Our courts have traditionally held that a plaintiff's negligence will not bar his recovery where the actions of the defendant are wilful, wanton or reckless. *See, e.g., McKeown v. Calusa* (1977), Ind.App., [172 Ind.App. 1], 359 N.E.2d 550. That doctrine has application to proceedings such as this one. *Ewing v. Cloverleaf Bowl* (1978), 20 Cal.3d 389, 143 Cal.Rptr. 13, 572 P.2d 1155.

*Parrett, id. Parrett* was decided before *Williams,* however.

Because driving an automobile upon a public highway while intoxicated constitutes wilful and wanton misconduct, such

---

1. The trial court cites *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677, *trans. denied,* in support of its ruling a plaintiff must have knowledge and appreciation of a peril in order for contributory negligence to be found. *Law* was overruled in *Bridgewater v. Economy Engineering Co.* (1985), Ind., 486 N.E.2d 484, *reh. denied,* (Shepard, J. concurring in part and dissenting in part, Debruler, J. dissenting). However, *Law* was overturned for other reasons than that cited by the trial court. Knowledge and appreciation of a peril in order to find contributory negligence remains the law in Indiana. *See NIPSCO v. Stokes* (1986), Ind.App., 493 N.E.2d 175, *reh. denied; Lawson v. Public*

*Service Co. of Indiana, Inc.* (1986), Ind.App., 493 N.E.2d 815, *reh. denied.*

2. We recognize other states have foreclosed the use of contributory negligence when the defendant's negligence is based on a statute intended to protect the plaintiff from his own actions such as IC 7.1-5-10-15; *see Soronen v. Milford Inn, Inc.* (1966), 46 N.J. 582, 218 A.2d 630; *Patton v. Carnrike* (N.D.N.Y.1981), 510 F.Supp. 625; *Vance v. U.S.* (Alaska 1973), 355 F.Supp. 756. Indiana, however, follows a different rule, as discussed above.

driving is now a complete defense to any action an intoxicated driver or his representative brings against his social host, even though such host may have been guilty of wilful and wanton misconduct in providing his guest additional alcohol after he has become visibly intoxicated, if the driver's operation of an automobile in his intoxicated condition proximately contributes to his injuries or death.

The rule is succinctly stated as follows: § 503. Plaintiff's Conduct.

\*      \*      \*      \*      \*      \*

(3) A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm.

*Restatement of Torts 2d,* Sec. 503(3). *See also Spence v. Commonwealth Edison Co.* (1975), 34 Ill.App.3d 1059, 340 N.E.2d 550 (only contributory wilful and wanton misconduct is a defense to an action alleging the same).

Reversed and remanded with instructions to enter final summary judgment for Defendant-Appellant Davis.

YOUNG and ROBERTSON, JJ. concur.