**Lonnie KOLKMAN and Kim Kolkman, Appellants (Plaintiffs Below),**

v.

**FALSTAFF BREWING CORPORATION, Appellee (Defendant Below).**

**No. 57A04–8609–CV–00270.**

Court of Appeals of Indiana, Fourth District.

Aug. 11, 1987.

Rehearing Denied Sept. 14, 1987.

G. Stanley Hood, Daniel A. Roby, Kathryn J. Roudebush, Roby & Hood, Fort Wayne, for appellants.

James P. Fenton, John D. Walda, John F. Lyons, Fort Wayne, for appellee.

CONOVER, Judge.

Plaintiff-Appellant Lonnie Kolkman (Lonnie) and Kim Kolkman (Kim, collectively the Kolkmans) appeal a summary judgment in favor of Falstaff Brewing Corporation (Falstaff).

We affirm.

ISSUES

The Kolkmans present three issues for our review. We restate them as two:

1. whether driving while intoxicated constitutes wilful and wanton misconduct barring the intoxicated driver's action to recover damages from the social host who furnished the alcohol to him; and

2. whether Kim's claim for loss of consortium is derivative of Lonnie's action and barred because of Lonnie's wilful and wanton misconduct.

FACTS

Lonnie worked for Falstaff on the 11:00 p.m. to 7:00 a.m. shift. On May 4, 1984, he arrived at work at 10:45 p.m. and attended a retirement party where alcohol was served to the employees. Some time after 5:00 a.m. Lonnie left his employment and apparently headed home. At approximately 5:45 a.m. Lonnie lost control of his vehicle and ran off the road, his vehicle overturning. Lonnie has no memory of the accident. At the time, Lonnie had a blood alcohol content of 0.23 percent.

Lonnie filed suit for the injuries he sustained in the accident against Falstaff pursuant to IND. CODE 7.1–5–10–15. Kim filed suit for loss of consortium. Falstaff filed a motion for summary judgment claiming Lonnie's wilful and wanton misconduct barred recovery. The trial court agreed and entered judgment in favor of Falstaff. The Kolkmans appeal.

DISCUSSION AND DECISION

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is on the moving party in a summary judgment motion to establish the lack of any genuine issue of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1322, *reh. denied.*

The facts of this case are nearly identical to those of *Davis v. Stinson* (1987), Ind. App., 508 N.E.2d 65. In *Davis* we held a drunk driver's action against the social host who provided alcohol to him when he was visibly intoxicated was barred because his act of driving an automobile upon a public highway while intoxicated constituted wilful and wanton misconduct as a matter of law, and such conduct proximately caused the accident in which Davis was killed. An intoxicated driver is guilty of wilful and wanton misconduct when he deliberately assumes control of an automobile and places it upon a public highway. *Williams v. Crist* (1985), Ind., 484 N.E.2d 576, 578.

The Kolkmans contend "bad acts" need to be proved in order for a person's drunk driving to rise to the level of wilful and wanton misconduct. In support of their

theory, the Kolkmans cite *Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909.

In *Obremski*, the plaintiff brought an action for treble damages against a drunk driver who caused injuries in an accident. The grounds for trebling the damage was the driver's wilful and wanton misconduct. There, our Supreme Court held a plaintiff could sue for treble damages due to the drunk driver's wilful and wanton misconduct. It stated

To sustain liability, a plaintiff must establish that the defendant's behavior fell below some established norm and that this behavior was the proximate cause of the damage which occurred. A driver whose behavior on the road meets every standard of conduct, who observes the speed limit, stays in his lane, turns properly, and so on, is not liable for damages because nothing in his behavior has been the proximate cause of the collision. Intoxication by itself does not change his behavior to one which "caused" the collision. Similarly, a driver whose acts suggest only negligence is not "reckless." *DeVaney v. State* (1972), 259 Ind. 483, 288 N.E.2d 732. On the other hand, a drunk driver who crosses the center lane and strikes another car could well be found by a jury to have acted "in plain, conscious, and unjustifiable disregard of harm that might result." A majority of the Court has concluded that such behavior by a drunk driver would constitute "wanton and will full" (sic) misconduct. *Williams v. Crist* (1985), Ind., 484 N.E.2d 576. As the parties point out, "wanton and willful" and "reckless" seem to imply the same disregard for the safety of others.

497 N.E.2d 910–911.

■ We view the Supreme Court's holding in *Obremski* as requiring a two part inquiry in such cases. The first is whether the plaintiff has been guilty of wilful and wanton misconduct. Here, Lonnie was driving with a blood alcohol count of 0.23 percent. This is *per se* wilful and wanton misconduct. *Crist* and *Obremski, supra.*

The second inquiry concerns "causation." To be actionable, such wilful and wanton misconduct must be a proximate cause of the plaintiff's injuries. *Obremski* and *Davis, supra.* Thus, a plaintiff seeking to recover from the social host who provides him alcohol for injuries suffered in an automobile accident caused by the plaintiff's intoxication faces an insoluble "Catch 22." To state a cause of action, such driver must allege he was driving while intoxicated and such driving was the proximate cause of his injuries, as was alleged here and in *Davis.* However, such requirements *ipso facto* bar the action because contributory wilful and wanton misconduct is a complete defense to such an action. The trial court did not err by entering summary judgment for Falstaff as to Lonnie.

The Kolkmans also contend this court should overrule a long line of Indiana cases which characterize a wife's loss of consortium action as a derivative claim of the husband's law suit. They point to other jurisdictions which have viewed loss of consortium claims as independent actions. *See Lantis v. Condon* (1979), 95 Cal.App.3d 152, 157 Cal.Rptr. 22, and *Schwartz v. Milwaukee* (1972), 54 Wis.2d 286, 195 N.W.2d 480. We note these cases and the commentators who have criticized Indiana's derivative approach to this issue.

■ In Indiana, however, a wife's loss of consortium claim is derived from the husband's claim. Absent an actionable injury to one spouse, the other spouse cannot recover for loss of consortium. *Rosander v. Copco Steel Engineering Co.* (1982), Ind.App., 429 N.E.2d 990, 991. "A cause of action for loss of consortium derives its viability from the validity of the claim of the injured spouse against the wrongdoer." *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, 341. Because Lonnie's claim is not viable due to his wilful and wanton misconduct, Kim's claim also fails. We find no compelling reason here to overrule longstanding Indiana precedent requiring such result.

Affirmed.

MILLER, P.J., and ROBERTSON, J., concur.