Timothy F. MILLER, as Special Administrator, Plaintiff/Appellant,

v.

PARDNER'S, INC., Defendant/Appellee.

No. 89–1781.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1989.

Decided Jan. 26, 1990.

Henry A. Hoover (argued), South Bend, Ind., for plaintiff/appellant.

Gerald A. Kamm, John C. Hamilton, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, Ind., for defendant/appellee.

Before POSNER and FLAUM, Circuit Judges, and DUMBAULD, Senior District Judge.*

FLAUM, Circuit Judge.

In a dramshop action, decedent's Special Administrator filed a wrongful death suit under the Indiana Wrongful Death Act, IND.CODE 34–1–1–2 (1988), (the "Act"), on behalf of decedent's two surviving dependents against Pardner's Nightclub. The complaint alleged that the defendant caused the death of the plaintiff's decedent by selling her alcoholic beverages when she was visibly intoxicated. The district court granted the defendant's motion for summary judgment on the grounds that the plaintiff's claim was barred as a matter of law under the Act because the decedent would not have been able to maintain an action herself had she lived because her driving while intoxicated constituted willful and wanton misconduct. The plaintiff appeals. We affirm.

---

7. Transcript of February 23, 1989, pp. 4–5.

* The Honorable Edward Dumbauld, Senior District Judge of the United States District Court for the Western District of Pennsylvania, is sitting by designation.

## I.

On the evening of June 16, 1985, Patricia A. Miller entered Pardner's, a nightclub in South Bend, Indiana, after having first stopped in another nightclub in Michigan. While at Pardner's, she had "five or six" highballs and stayed until the club closed at 3:00 a.m. She then drove away from Pardner's, lost control of her automobile, hit a tree, and died instantly. She is survived by two children, ages three and four at the time of the accident.

On January 29, 1986, Timothy F. Miller, the decedent's former husband, was appointed by the Probate–Juvenile Court of St. Joseph County, Indiana, as Special Administrator of the decedent's estate for the purpose of instituting the instant cause of action. Miller filed suit based on diversity of citizenship in the United States District Court for the Northern District of Indiana, South Bend Division, under Indiana's Wrongful Death Act alleging that the defendant caused the death of the plaintiff's decedent by selling her alcoholic beverages when she was visibly intoxicated.

The defendant filed a motion for summary judgment. The district court found that under Indiana law the decedent's driving while intoxicated constituted willful and wanton misconduct and that such conduct barred recovery as a matter of law. *See Davis v. Stinson*, 508 N.E.2d 65 (Ind.App. 1987). The court further found that the bar to decedent's suit also served to bar her surviving dependents from bringing a cause of action under the Act. *See Carroll v. Ely*, 398 N.E.2d 1364 (Ind.App.1980). Accordingly, because the decedent's willful and wanton misconduct barred both her and her decedents from recovery as a matter of law, the district court granted the defendant's motion for summary judgment.

## II.

Because the plaintiff does not allege the existence of a genuine issue of material fact, our inquiry in reviewing the district court's grant of a motion for summary judgment is limited to whether the district court erred in concluding that the defendant is entitled to judgment as a matter of law. We review the district court's determination *de novo*, using the same standard of decisionmaking as that employed by the district court. *See Commercial Union Insurance v. Ramada Hotel Operating Co.*, 852 F.2d 298, 300 (7th Cir.1988); *Christianson v. Colt Indus. Operating Corp.*, 870 F.2d 1292, 1299 (7th Cir.1989). The precise issue presented is whether the decedent's surviving dependents can state a cause of action under Indiana's Wrongful Death Act where the decedent's own cause of action would be barred as a matter of law due to her own willful and wanton misconduct.

It is well established under Indiana law that driving while intoxicated serves to bar an action by the driver against the person who supplied him or her with alcoholic beverages. This principle derives from two cases. In *Williams v. Crist*, the Supreme Court of Indiana held that operating an automobile on the highways of Indiana while intoxicated constitutes "contributory wanton and willful misconduct." 484 N.E.2d 576, 578 (Ind.1985). In *Davis v. Stinson*, the Indiana Court of Appeals extended *Crist* and held that such conduct was a complete bar to a cause of action by the survivors. The court stated:

> [b]ecause driving an automobile upon a public highway while intoxicated constitutes willful and wanton misconduct, such driving is now a complete defense to any action an intoxicated driver or his representative brings against his social host, even though such host may have been guilty of willful and wanton misconduct in providing his guest additional alcohol after he has become visibly intoxicated, if the driver's operation of an automobile in his intoxicated condition proximately contributed to his injuries or death.

508 N.E.2d 65, 67–68 (Ind.App.1987).

Under the principles of these two cases, it is apparent that the decedent would not have been able to maintain a cause of action had she survived. We are left then, with the issue of whether the decedent's surviving dependents can state a cause of

action despite the decedent's own misconduct.

We begin with Indiana's Wrongful Death Act itself. The Act is clear on its face. It provides, in relevant part, that "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action, therefore, against the latter, *if the former might have maintained an action had he or she lived ...*" IND.CODE § 34-1-1-2 (1988) (emphasis added). Under the language of the Act itself, the plaintiff's action is barred because the decedent would not be able to maintain an action of her own had she lived. Moreover, *Davis* clearly and unequivocally states that driving while intoxicated is "a complete defense to any action [brought by] an intoxicated driver *or his representative.*" This result is also supported by the holding of the Indiana Court of Appeals in *Carroll v. Ely*, 398 N.E.2d 1364, 1365 (Ind.App. 1980), that a son's contributory negligence resulting in his own death served to bar the mother's subsequent wrongful death action.

Not surprisingly, the plaintiff expends great time and effort in attempting to distinguish *Davis*. He first argues that *Davis* is not controlling because it is an opinion by the state's intermediate court rather than a pronouncement by its highest court. It is well established that in the absence of a decision by the state's highest court, an intermediate state court's decision is authoritative unless there is good reason to believe that the state's highest court would reject the decision of the intermediate court. *McDonald v. Sandvik Process Systems*, 870 F.2d 389, 394 n. 3 (7th Cir.1989). We are unable to find a good reason, and the plaintiff does not advance one, for believing that the Indiana Supreme Court would reject *Davis*.

The plaintiff also attempts to distinguish *Davis* on the ground that it involved a social host supplying alcohol to a guest whereas the instant case involved a tavern selling alcohol to a paying customer. The district court apparently cast aside this distinction. We believe that the argument has

some merit, as it would be reasonable for a court in some situations to distinguish between the social host and tavern owner. Nevertheless, neither Indiana's courts or legislature have done so here, and we are not willing to do so on our own. We have no indication that Indiana's highest court would limit the principles announced by *Crist* and *Davis* to the social host situation. Sitting in diversity, our role is not to create state law, but rather to follow the principles enunciated by the state courts and to predict what the Indiana Supreme Court would hold in such a situation. The relevant opinions do not contain restrictive language that lead us to conclude that they should be confined to the facts as presented. Instead, they support the principle that death caused by driving while intoxicated constitutes willful and wanton misconduct. We believe that this principle applies to the situation at bar.

The plaintiff also contends that *Davis* is not relevant to this case because it was decided under Indiana's Survivorship Statute, IND.CODE 34-1-1-1 (1983), rather than the state's Wrongful Death Act, IND.CODE 34-1-1-2. We disagree. First, it is not clear from the opinion itself which statute *Davis* was decided under. The court did not limit its application to any single statute but instead painted a general principle with a broad brush. Moreover, the Survivorship Statute contains the same limiting principle as the Wrongful Death Act: "Every such action shall be deemed to be a continued action, and therefore accrued to such representatives or successors at the time it would have accrued to the deceased if he had survived ... if the person so injured might have maintained such an action had he or she lived." In sum, plaintiff's argument that the reasoning of *Davis*, if in fact it was decided under a related statute, would not apply to an action under the Wrongful Death Act, is without force. Therefore, the principle of *Davis*, that the misconduct of the decedent bars an action by the survivors, applies with equal force under both statutes.

The principles of law enunciated by the Indiana courts in *Crist* and *Davis* mandate that the decedent be barred from recovery

as a matter of law due to her own willful and wanton misconduct. Under the language of the Act, the decedent's surviving dependents are also barred from recovery because the decedent could not have maintained an action had she lived. Accordingly, we believe that the defendant is entitled to judgment as a matter of law. The district court's opinion is, therefore, AFFIRMED.