Danny A. SZABO, Administrator of the Estate of Sheila Marie Szabo, Deceased, Plaintiff–Appellant,

v.

Jeffrey CWIDAK, Defendant–Appellee.

No. 71A03–9001–CV–37.

Court of Appeals of Indiana, Third District.

Aug. 20, 1990.

John J. Gaydos, Elkhart, for plaintiff-appellant.

R. Kent Rowe, Patrick J. Hinkle, Rowe, Foley and Huelat, South Bend, for defendant-appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Danny A. Szabo, administrator of the Estate of Sheila Marie Szabo, deceased, appeals the trial court's grant of summary judgment to defendant-appellee Jeffrey Cwidak.

The facts relevant to this appeal disclose that on August 8, 1984, Sheila Marie Szabo died in an automobile accident. Her blood alcohol level was .265% at the time of her death.

Defendant Cwidak had purchased alcohol on that date and then Cwidak with Szabo and a friend, Chuck Pejza, consumed several alcoholic drinks. Cwidak and Szabo then left in Cwidak's brother's car to visit Cwidak's niece. Upon leaving Cwidak's niece, Szabo drove. Shortly thereafter while driving at an accelerated rate of speed, the car struck a tree and Szabo was killed.

Szabo's estate filed a wrongful death action against Cwidak. The trial court granted Cwidak's motion for summary judgment on May 17, 1988.

Appellant's issues can be summarized as follows: whether the trial court erred in granting summary judgment based on Szabo's contributory negligence and contributory willful and wanton misconduct.[1]

"Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor–Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306. The burden is on the moving party in a summary judgment motion to establish the lack of any genuine issue of material fact. *Ancich v. Mobile Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1322, *reh. denied.*

Finally, we will sustain the trial court's judgment on any legal theory or basis consistent with the facts disclosed by the record. *Thompson v. Public Service Co. of Indiana* (1986), Ind.App., 499 N.E.2d 788, 790, *reh. denied.*"

*Davis v. Stinson* (1987), Ind.App., 508 N.E.2d 65, 66.

■ Appellant asks this Court to hold that a possible tort of negligent entrustment by Cwidak occurred before Szabo collided with the tree and that this issue should be decided independent of any contributory negligence or contributory willful and wanton misconduct on the part of Szabo. Appellant alleges that there are genuine issues of material fact as to whether

---

1. The accident occurred on August 8, 1984, so Indiana's Comparative Fault Act does not apply.

Cwidak knew Szabo was intoxicated when Cwidak gave her the vehicle keys and whether Szabo was incompetent to drive. Therefore, appellant argues that this cause should be remanded for trial on the negligent entrustment issue.

However remanding this case for a determination as to whether Cwidak negligently entrusted the vehicle to Szabo would be a waste of judicial resources since Szabo's estate cannot possibly recover on its claim. The Court clearly set out the law in this area in *Davis, supra.*

"Because driving an automobile upon a public highway while intoxicated constitutes wilful and wanton misconduct, such driving is now a complete defense to any action an intoxicated driver or his representative brings against his social host, even though such host may have been guilty of wilful and wanton misconduct in providing his guest additional alcohol after he has become visibly intoxicated, if the driver's operation of an automobile in his intoxicated condition proximately contributes to his injuries or death. The rule is succinctly stated as follows:

'§ 503. Plaintiff's Conduct.

\* \* \* \* \* \*

(3) A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm.'

*Restatement of Torts 2d,* Sec. 503(3). *See also Spence v. Commonwealth Edison Co.* (1975), 34 Ill.App.3d 1059, 340 N.E.2d 550 (only contributory wilful and wanton misconduct is a defense to an action alleging the same)."

*Davis, supra,* at 67–68.

This holding similarly bars recovery from a party who negligently entrusts a vehicle to a driver who is intoxicated, if the driver's operation of the automobile in his intoxicated condition proximately contributed to his injuries or death since the intoxicated person's action in driving the automobile constitutes willful and wanton misconduct. *See also: Williams v. Crist* (1985), Ind., 484 N.E.2d 576, 578. Thus, Szabo's act of driving the automobile while intoxicated constitutes willful and wanton misconduct which is a complete defense to her estate's action against Cwidak. The trial court properly granted summary judgment in favor of Cwidak.

Cwidak alleges he is entitled to an award of attorney fees because the appeal initiated by Szabo is permeated with meritlessness, bad faith, frivolity, and is implausible to the extent an award of attorney fees is warranted pursuant to Ind.Appellate Rule 15(G). *See: Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151. However appellant's argument was an attempt to persuade this Court to hold negligent entrustment independent of any contributory willful and wanton conduct of the deceased so that the estate could recover for the alleged negligence committed by Cwidak in purchasing alcohol for a minor, Szabo, and then allowing her to drive when she was intoxicated. Appellant's argument is not made in bad faith nor can it be deemed frivolous for an award of punitive sanctions to be justified pursuant to App.R. 15(G).

Affirmed.

STATON and CONOVER, JJ., concur.